UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
Civil Action No.: 24-4198

| | |
|---|---|
| Hao Zhe Wang *pro se* | ) |
| | ) |
| | ) |
| *vs*. | ) |
| | ) |
| AT&T Inc. and North Lane | ) |
| Technologies Inc. | ) |
| | ) |
| | ) |

**<u>Motion to Seal and to Redact</u>**

     Plaintiff plans to file a motion to modify Arbitral Award and a Plaintiff declaration in support of the motion, and he plans to attach 41 Exhibits to his declaration. As a non-attorney *pro se* party who uses ECF, Plaintiff has read the Court's Individual Rules and Practices as well as the ECF instructions and the "Step-by-Step Instructions for Attorneys on How to Electronically File Sealed Documents in Unsealed Civil and Miscellaneous Cases" Manual. He respectfully asks for the Court's advance permission for him to file two exhibits under seal and nine with redaction.

     All the redactions apply to portions of trial transcript, the Arbitrator's scheduling orders, and parties' submissions and correspondence with the Arbitrator before and after the arbitration hearing that reference, quote, characterize, or analyze AT&T's two confidential vendor contracts produced during discovery in the middle of the arbitral process.

     The terms of these two contracts are confidential and subject to the Protective Order issued by the Arbitrator. The Court has previously granted Plaintiff's request to seal the Final Award in which the Arbitrator referenced the same contracts (Dkt. 14).

     The two exhibits Plaintiff hopes to file under seal relate to AT&T's internal records of transactions in Plaintiff's credit account over an eight-year period. While FRCP allows redaction of types of financial information, in the instant case the records are just too long (totaling 255 pages and several thousand entries) – the information requiring redaction too numerous and repetitive – for a *pro se* plaintiff to do it correctly in just two or three days. It is also hard to imagine that the public has much interest in accessing the minutiae of Plaintiff's credit and financial transactions over eight years.

      Moreover, these two exhibits are records of AT&T's back office operation involving codes and abbreviations that a trained customer service agent may easily read and parse but which neither Plaintiff nor opposing counsel can competently decipher on their own and decide what to redact and what not to redact. As such, Plaintiff respectfully asks for the Court's permission to place the entire exhibits under seal.

      Parties have met and conferred on this sealing and redaction request and have agreed on the scope of the sealing and redaction to maximize public access to the record of the case while protecting Defendants' commercial secrets and Plaintiff's personal and financial information, although given the volume of the exhibits Defendants will continue to review the files over the following two days.

Most respectfully,

*/s/ Hao Zhe Wang*

Hao Zhe Wang